**EP19MC0207**

JUDGE DAVID GUADERRAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
19 JUL 24 PM 4:00

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROHIT ROHIT | § | CIVIL No. |
| | § | **FILED UNDER SEAL** |

## EX PARTE[1] MOTION FOR ORDER TO SEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas, and hereby respectfully moves this Honorable Court for an Order directing the Clerk of the Court to place the United States' Emergency Ex Parte Motion for Order of Authorization to Provide Non-Consensual Medical Examination and Non-Consensual Hydration (hereinafter "Motion for Order of Authorization") and Order, in the above styled and numbered cause under seal. As reasons for such motion, the United States of America would show the Court as follows:

### I. STATEMENT OF THE CASE

1. The United States is filing an Emergency Ex Parte Motion for Order of Authorization to Provide Non-Consensual Medical Examination and Non-Consensual Hydration, seeking a court order authorizing the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), to provide non-consensual medical examination (orthostatic blood pressure examinations, physical examinations, EKG, lab testing, and urinalysis)

---

[1] The U.S. Attorney's Office received an email and a G-28 Form from attorney Linda Corchado, Director of Legal Services, Las Americas Advocacy Center. Ms. Corchado informed this office that she represents Mr. Rohit in his immigration proceedings. However, she indicated she does not represent him in proceedings before the federal court.

and to non-consensually hydrate in the form of IV fluids to Rohit Rohit, an ICE El Paso Processing Center ("SPC") detainee in its custody.

## II. ARGUMENT AND AUTHORITIES

1. "There is a general, common law right to inspect and copy public records and documents, including judicial records and documents, but this right is not absolute." *United States v. Sealed Search Warrants*, 868 F.3d 385, 391 (5th Cir. 2017) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-99 (1978).

2. The decision as to access is one left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. *See Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir.1981). In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *Sealed Search Warrants*, 868 F.3d at 393 citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The right of public access to judicial records is but one of the interests to be weighed by the courts. *Belo*, 654 F.2d at 434.

3. Other interests which may be balanced against the public's right to know include, preventing unfair pretrial publicity, serving law enforcement purposes, or protecting privacy interests. *See* Moore's Federal Practice § 5.34[2][c] (Matthew Bender 3d Ed.) emphasis added.

4. In the case at bar, the motion and order submitted by the United States contain information of a highly sensitive and personal nature concerning Rohit Rohit's medical condition. The Privacy Act, 5 U.S.C. § 552a requires the Executive Branch of the Federal Government to protect the personal privacy of individuals on whom it maintains records in its system of records. The indiscriminate disclosure of the information could result in the unnecessary intrusion upon the privacy interests of the detainee.

2

5. The United States files this Ex Parte Motion for Order to Seal the Motion for Order of Authorization and Order to make clear that they contain personal and confidential information relating to Rohit Rohit. Indeed, the very nature of the pleadings (seeking an order for medical authorization) reveals personal and confidential information. As such, the pleadings should be maintained under seal, unless disclosure is specifically authorized by the Court.

### III. CONCLUSION

As indicated above, the motion and order contain confidential personal medical information regarding the medical care and treatment of the detainee. Accordingly, the movant seeks an Order directing the United States District Clerk to place the Motion For Order of Authorization and Order under seal. This Motion for Order to Seal is being sought solely to protect the privacy interests of Mr. Rohit.

WHEREFORE, the United States moves the Court to enter an order directing the United States District Clerk to seal from general public scrutiny the Motion For Order of Authorization and Order filed in the above styled and numbered cause.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

ANGELICA A. SAENZ
Assistant United States Attorney
Texas State Bar No.24046785
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6884
Facsimile: (915) 534-3490
Email: Angelica.Saenz@usdoj.gov
*Attorneys for United States*